IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

TAYLOR BAILEY, )
 )
    Plaintiff, )
 )    Case No. 22-CV-00086-GKF-MTS
v. )
 )
GANNETT CO., INC. d/b/a )
USA TODAY, )
 )
    Defendant. )

## OPINION AND ORDER

This matter comes before the court on the Motion to Exclude the Proposed Expert Testimony and Report of Chris S. Thrutchley [Doc. 68] of defendant Gannett Co., Inc. d/b/a/ USA Today. For the reasons set forth below, the motion is granted in part and denied in part.

### Background/Procedural History

This case relates to an employment dispute. Plaintiff Taylor Bailey, a former Gannett employee, brings this lawsuit asserting breach of contract and Title VII sex discrimination claims against Gannett. [Doc. 32].

Gannett has filed a motion for summary judgment as to Ms. Bailey's claims. [Doc. 69]. Ms. Bailey responded in opposition and, in support, attached the Expert Report of Chris Thrutchley, J.D. *See* [Doc. 77-7].

Gannett now seeks to exclude Mr. Thrutchley's Expert Report and opinions pursuant to Federal Rule of Evidence 702. [Doc. 68].

### Applicable Standard

Pursuant to Federal Rule of Evidence 702,

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

"The proponent of expert testimony bears the burden of showing that its proffered expert's testimony is admissible." *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

Rule 702 imposes on the trial court an important gate-keeping obligation, "to 'ensure that any and all [expert] testimony . . . is not only relevant, but reliable.'" *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)). Thus, "the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kumho Tire Co., Ltd.*, 526 U.S. at 149 (quoting *Daubert*, 509 U.S. at 592). To determine whether an expert's opinion is admissible, the district court must undertake a two-step analysis: (1) first, determine "whether the expert is qualified by knowledge, skill, experience, training, or education to render an opinion," and (2) second, determine "whether the expert's opinion is reliable by assessing the underlying reasoning and methodology[.]" *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1307 (10th Cir. 2015) (internal quotations omitted). In addition to reliable, expert testimony, like all testimony, must be relevant. *See Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1234 (10th Cir. 2004) ("[I]n fulfilling its *Daubert* obligations a trial court must also conduct a further inquiry into whether proposed testimony is sufficiently 'relevant to the task at hand.'").

**Analysis**

In the motion, Gannett primarily contends that Mr. Thrutchley's opinions constitute impermissible legal conclusions.

Pursuant to Federal Rule of Evidence 704, "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). However, as recognized by the Advisory Committee,

> [t]he abolition of the ultimate issue rule does not lower the bars so as to admit all opinions. Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of the oath-helpers of an earlier day. They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria. Thus the question, "Did T have capacity to make a will?" would be excluded, while the question, "Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of distribution?" would be allowed.

Fed. R. Evid. 704 advisory committee's notes on 1972 proposed rules. Thus, "[w]hile testimony on ultimate facts is authorized," an expert may not "articulate[] the ultimate principles of law governing the deliberations of the jury." *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988). Nor may the expert "state legal conclusions drawn by applying the law to the facts." *A.E. ex rel Evans v. Ind. Sch. Dist. No. 25*, 936 F.2d 472, 476 (10th Cir. 1991). Opinion testimony that purports to "define the legal parameters within which the jury must exercise its fact-finding function" is impermissible as such testimony "circumvents the jury's decision-making function by telling it how to decide the case." *Specht*, 853 F.2d at 808-10.

"An expert may, however, refer to the law in expressing his or her opinion." *A.E. ex rel. Evans*, 936 F.2d at 476. "The crucial distinction lies between 'discoursing broadly over the entire range of the applicable law,' which is improper, and 'focus[ing] on a specific question of fact,'

which is permissible." *United States v. Wade*, 203 F. App'x 920, 930 (10th Cir. 2006) (unpublished) (quoting *Specht*, 853 F.2d at 809).[1]

Having reviewed Mr. Thrutchley's Expert Report, some of his opinions clearly must be excluded.

First, in the "Legal Standards" section, Mr. Thrutchley purports to summarize the applicable "legal standards" and, in doing so, impermissibly seeks to "define the law of the case." *Specht,* 853 F.2d at 810. Mr. Thrutchley's opinions in this regard must be excluded. Nor may Mr. Thrutchley opine that Gannett violated any applicable statutes, regulations, policies, or standards. *See Valley View Angus Ranch v. Duke Energy Field Servs., LP*, No. CIV-04-191-D, 2008 WL 2329169, at *10 (W.D. Okla. June 4, 2008) ("[The expert] cannot testify in a manner that purports to instruct the jury that Defendant has violated rules or regulations."); *Equal Emp. Opportunity Comm'n v. W. Distrib. Co.*, No. 16-CV-1727-WJM-STV, 2022 WL 17104565, at *6 (D. Colo. Nov. 22, 2022) (expert cannot testify that company violated ADA standards); *White v. Town of Hurley*, No. CIV-17-0983-JB-KRS, 2019 WL 1411135, at *39 (D.N.M. Mar. 28, 2019) ("[Expert] also cannot testify and the Court will not consider [expert's] testimony that the [defendant] did not adhere to the EEOC's guidance.").

Further, throughout the report, Mr. Thrutchley applies the "legal and policy standards to the facts" in order to opine that certain conduct constituted, or raised an inference of, "sex-based harassment." *See* [Doc. 77-7, pp. 12-18, 22-26]. Likewise, Mr. Thrutchley opines that certain actions by Gannett interfered with Ms. Bailey's employment and "would amount to a materially adverse employment action, an element of unlawful retaliation" or that "an inference of retaliatory

---

[1] "Unpublished decisions are not precedential but may be cited for their persuasive value." 10th Cir. R. 32.1(A).

motive" arises "capable of surviving summary judgment." [Doc. 77-7, pp. 19, 28]. Mr. Thrutchley also opines that Gannett created a "hostile" or "toxic" work environment satisfying "the essential elements of a hostile work environment harassment claim." [Doc. 77-7, p. 20]. Mr. Thrutchley's opinions in this regard impermissibly state a legal conclusion by applying the laws to the facts, *A.E. ex rel. Evans*, 936 F.2d at 476, and "attempt[] to define the legal parameters within which the jury must exercise its fact-finding function." *Specht*, 853 F.2d at 809-10. Thus, Mr. Thrutchley's opinions in this regard must be excluded. *See Pittman v. Gen. Nutrition Corp.*, No. CIV-H-04-3174, 2007 WL 951638, at *4 (S.D. Tex. Mar. 28, 2007) (statements that defendant "intentionally discriminated" against plaintiffs and that defendant's conduct was pretextual were excluded legal conclusions); *Barber v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, No. 05-CV-142-R, 2007 WL 121350, at *3 (W.D. Ky. Jan. 12, 2007) (opinions utilizing terms of art constitute legal conclusions and issues for the jury's ultimate determination); s*ee also Bley v. Indep. Sch. Dist. No. 1-002 of Okla. Cnty.*, No. CIV-21-1026-R, 2023 WL 3608909, at *2 (W.D. Okla. May 9, 2023) (report that was "largely a summation of the facts followed by [expert's] conclusion that Defendant failed to comply with the ADA or FMLA in some way" was improper).

Mr. Thrutchley also opines that Gannett's responses to the Texas Workforce Commission's investigation into Ms. Bailey's unemployment benefits claim were "demonstrably false." [Doc. 77-7, p. 27]. An expert may not offer testimony regarding credibility. *Pittman,* 2007 WL 951638, at *5; *see also United States v. Hill*, 749 F.3d 1250, 1258 (10th Cir. 2014) (quoting *United States v. Samara*, 643 F.2d 701, 705 (10th Cir. 1981)) ("[A]n expert may not go so far as to usurp the exclusive function of the jury to weigh the evidence and determine credibility."). Further, given that it is the jury's role to determine credibility, the minimal probative value of Mr. Thrutchley's

opinions in this regard is substantially outweighed by the danger of unfair prejudice. Thus, the opinions are also excluded pursuant to Federal Rule of Evidence 403.

Finally, Mr. Thrutchley offers opinions regarding Gannett's internal policies and defendant's compliance with same. However, Gannett's policies are not so complicated to require expert testimony. Rather, a lay juror with "normal experiences and qualifications" can review Gannett's policies and determine whether Gannett complied with, or violated, those policies in response to Ms. Bailey's complaint. *Wilson v. Muckala*, 303 F.3d 1207, 1219 (10th Cir. 2002). Thus, Mr. Thrutchley's opinions in this regard is unnecessary and improper. *Id.* at 1218-19. Further, the opinions are excluded pursuant to Rule 403 as the evidence's minimum probative value is substantially outweighed by the danger of confusing the issues, unfair prejudice, and needlessly presenting cumulative evidence.

In excluding the foregoing opinions, the court is mindful that the Tenth Circuit has recognized a "significant difference between an attorney who states his belief of what law should govern the case and any other expert witness." *Specht*, 853 F.2d at 808. However, expert testimony by attorneys that does not implicate the applicable law does not raise the same concerns. *Cf. id.* at 809 (noting concerns that "the jury may believe the attorney-witness, who is presented to them imbued with all the mystique inherent in the title 'expert,' is more knowledgeable than the judge in a given area of the law" and potential for juror confusion as a result of "differing [expert] opinions" which "may be compounded by different instructions given by the court"). Accordingly, courts have permitted attorneys to testify as human resources experts regarding best, or generally accepted, practices and whether defendant complied with same. *See Equal Emp. Opportunity Comm'n*, 2022 WL 17104565, at *6 (permitting expert to testify to industry standards and that defendant violated them); *Gianfrancisco v. Excelsior Youth Ctrs., Inc.*, No. 10-CV-00991-PAB-

KMT, 2012 WL 2890916, at *2 (D. Colo. July 16, 2012) ("[C]ourts allow [human resources] experts to testify with regard to typical human resources practices and whether the employer deviated from these policies."); *Shampine v. U.S. Foods, Inc.,* No. 20-CV-380-CEA-JEM, 2022 WL 17098731, at *9 (E.D. Tenn. Nov. 21, 2022) (testimony that defendant acted "consistent with generally accepted human resources standards does not usurp the jury's role"); *Mueller v. Daugherty Sys. Inc.*, No. 18-CV-3358-MLB, 2021 WL 3754582, at *8 (N.D. Ga. June 14, 2021); *Kniffen v. E. Wenatchee Water Dist.*, No. 23-CV-0344-TOR, 2025 WL 1788972, at *11 (E.D. Wash. June 27, 2025) ("Courts . . . have found that a layperson may not have a background in standard or best practices in human resources, and therefore found expert testimony appropriate.").

In his expert report, Mr. Thrutchley also opines as to best practices upon receipt of a harassment, discrimination, or retaliation complaint, and that Gannett failed to follow same. *See* [Doc. 77-7, pp. 23-26]. Such opinions are not prohibited legal conclusions and, further, may be helpful to the jury. Thus, the court declines to exclude the opinions as impermissibly usurping this court's role to articulate the law and the jury's duty to apply same.

Gannett argues that the opinions must nevertheless be excluded as the product of an unreliable methodology. [Doc. 68, p. 9]. Mr. Thrutchley testified that he based his opinions on his personal training, education, and experience. [Doc. 68-2, p. 3]. Rule 702 requires that expert testimony be "based on sufficient facts or data" and that the opinion "reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702(c), (d). Rule 702(d) is intended "to emphasize that each expert opinion must stay within the bounds of what can be concluded from a reliable application of the expert's basis and methodology." Fed. R. Evid. 702, advisory committee's notes to 2023 amends. Thus, as previously recognized, "[i]f the witness is relying solely or primarily on experience, then the witness must explain how that experience leads

to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702, advisory committee's notes to 2000 amends.

Mr. Thrutchley is an attorney with over thirty years experience in employment and labor law. His experience includes serving as the Director of Human Resources for one of Oklahoma's largest employers, in which capacity he ensured employment policies, processes, and practices were legally compliant. [Doc. 76-1, p. 3]. Additionally, from 2014 to 2016, Mr. Thrutchley served as Chief of the Oklahoma Attorney General's Office of Civil Rights Enforcements, in which capacity he led a team of agents and attorneys in enforcing the Oklahoma Anti-Discrimination Act. [Doc. 76-1, p. 4]. Mr. Thrutchley currently serves as the employment law practice group leader for a large Oklahoma law firm, as well as an arbitrator for the American Arbitration Association for employment disputes arising in Oklahoma. [*Id*. at pp. 3-4]. Finally, Mr. Thrutchley has been certified by the HR Certification Institute as a "Senior Professional in Human Resources," and by the Society for Human Resources Management as a "Senior Certified Professional." [*Id.* at p. 4]. Having reviewed Mr. Thrutchley's opinions, the court concludes that it is more likely than not that his opinions in this regard reflect a reliable application of his knowledge and experience to the facts of the case. *See* Fed. R. Evid. 702, advisory committee's notes to 2000 amends.

Gannett next criticizes Mr. Thrutchley's opinions as lacking a sufficient foundation due to his reliance on hearsay and his alleged "adopt[ing] both the allegations of Plaintiff and her legal positions." [Doc. 68, p. 16; Doc. 88, pp. 8-9]. First, with respect to Gannett's criticism of Mr. Thrutchley's reliance on hearsay, "[Rule] 703 allows an expert witness to base his testimony upon facts or data that are hearsay, provided that those facts or data are 'of a type reasonably relied upon

by experts in the particular field in forming opinions or inferences upon the subject.'" *United States v. Rivera*, No. 24-2013, 2025 WL 1684447, at *9 (10th Cir. June 16, 2025) (quoting *Wilson ex rel. Wilson v. Merrell Dow Pharms. Inc.*, 893 F.2d 1149, 1153 (10th Cir. 1990)). However, the Tenth Circuit has "repeatedly cautioned about the impropriety of permitting an 'expert' witness to 'parrot[]' testimonial hearsay." *United States v. Garcia*, 793 F.3d 1194, 1213 (10th Cir. 2015) (quoting *United States v. Kamahele*, 748 F.3d 984, 1000 (10th Cir. 2014)).

> If an expert simply parrots another individual's out-of-court statement, rather than conveying an independent judgment that only incidentally discloses the statement to assist the jury in evaluating the expert's opinion, then the expert is, in effect, disclosing that out-of-court statement for its substantive truth; the expert thereby becomes little more than a backdoor conduit for an otherwise inadmissible statement.

*Garcia*, 793 F.3d at 1213 (quoting *United States v. Pablo*, 696 F.3d 1280, 1288 (10th Cir. 2012)). Here, Mr. Thrutchley does not merely parrot the out-of-court statements but, instead, utilizes the statements to form his own independent opinions. Accordingly, Mr. Thrutchley's reliance on hearsay is not improper.

Insofar as Gannett criticizes Mr. Thrutchley as effectively adopting Ms. Bailey's version of events, Mr. Thrutchley states that he reviewed the Texas Workforce Commission Hearing Transcripts, the Amended Complaint, the EEOC Charge, the deposition transcripts of David Hakanson, Blake Bowling, Julie Sawyer, Jessica Albright, and Ms. Bailey, as well as various documents produced in discovery. [Doc. 77-7, pp. 5-6; Doc. 68-2, pp. 1-8]. Based on the foregoing, the court concludes that it is more likely than not Mr. Thrutchley's opinions are based on sufficient facts and data and the opinions are the product of a reliable application of principles and methods to the facts of the case. *See* Fed. R. Evid. 702. Gannett's criticisms are appropriate grist for cross-examination. *See Pittman,* 2007 WL 951638, at *4 (rejecting argument that expert's opinions were unreliable because expert relied solely on plaintiffs' "unsworn renditions of the

facts" and documents defendant provided in discovery); *Shampine,* 2022 WL 17098731, at *8 (argument that expert "cherry picked the facts" was "not a basis to exclude" the expert); *see also Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

### Conclusion

WHEREFORE, the Motion to Exclude the Proposed Expert Testimony and Report of Chris S. Thrutchley [Doc. 68] of defendant Gannett Co., Inc. d/b/a/ USA Today is granted in part and denied in part.

IT IS SO ORDERED this 16th day of January, 2026.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE